IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GARY L. CORBIER and | ) | In Proceedings Under |
| DAWN L. CORBIER, | ) | Chapter 13 |
|     Debtors. | ) | |
| | ) | Case No.: 05-30720 |
| GARY L. CORBIER and | ) | |
| DAWN L. CORBIER, | ) | Adversary No.: 10- |
|     Plaintiffs, | ) | |
| vs. | ) | |
| | ) | |
| AMERICA'S SERVICING COMPANY AS | ) | |
| SERVICER FOR HSBC BANK USA, AS | ) | |
| TRUSTEE IN TRUST FOR CITIGROUP | ) | |
| MORTGAGE LOAN TRUST, INC., | ) | |
| ASSET BACKED PASS THROUGH | ) | |
| CERTIFICATES SERIES 2003-HE-4, | ) | |
|     Defendant. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

COME NOW the Plaintiffs, Gary and Dawn Corbier, by and through their attorneys, Law Offices of Mueller and Haller, L.L.C., and for their Complaint for Declaratory Judgment state as follows:

1. That on February 23, 2005 Plaintiffs filed for relief under Chapter 13 of the Bankruptcy Code.

2. That this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(1).

3. That this is a "core" proceeding under 28 U.S.C. § 157(b)(2)(A), (b)(2)(E) and (b)(2)(O).

4. That venue is proper in this Court pursuant to 28 U.S.C. § 1409.

5. That at the time of filing, America's Servicing Company ("ASC") had a mortgage on Plaintiffs' real estate.

6. That the mortgage was in the approximate amount of $54,206.33 with an arrearage of $9,880.72.

7. That during the course of the Chapter 13 bankruptcy, the arrearage had been paid

in full and the monthly payments were paid timely.

8. That the Plaintiffs completed their Chapter 13 bankruptcy and on March 3, 2009 a final Discharge Order was entered by this Court.

9. That the Chapter 13 Trustee disbursed a total of 49 monthly mortgage payments.

10. That at the time of completion, the Plaintiffs should have been completely current with their monthly mortgage payments with no outstanding late fees, attorney fees, etc. and due and owing for their April 1, 2009 monthly mortgage payment.

11. That the Plaintiffs started receiving letters from ASC stating that they were delinquent with their mortgage payments.

12. That on March 8, 2010 Plaintiffs' counsel forwarded a letter to ASC demanding they update their records to show the Plaintiffs current through and including March 2009.

13. That on March 26, 2010 Plaintiffs received a letter from ASC stating they had received Plaintiffs correspondence dated March 8, 2010 and that Plaintiffs' mortgage payments were delinquent in the amount of $1,495.76.

14. That on April 18, 2010 Plaintiffs received a letter from ASC stating their mortgage payments were delinquent in the amount of $1,271.52.

15. That on April 21, 2010 Plaintiffs' counsel contacted counsel for Defendant to inquire as to whether or not they could assist in resolving this matter and avoid litigation.

16. That on April 21, 2010 counsel for Defendant responded stating that the mortgage payments increased post-discharge due to an escrow analysis yet the increased payments were not made, leading to a post-discharge default.

17. That on May 16, 2010 Plaintiffs received a letter from ASC stating their mortgage payments were delinquent in the amount of $863.88.

18. That on June 20, 2010 Plaintiffs received a letter from ASC stating their mortgage payments were delinquent in the amount of $1,056.24.

19. That on July 6, 2010 Plaintiffs' counsel was provided with proof of payment of real estate taxes for the years of 2002 to the present and said proof was forwarded to counsel for Defendant.

20. That on July 25, 2010 Plaintiffs received a letter from ASC stating their mortgage

payments were delinquent in the amount of $1,248.60.

21. That on July 27, 2010 Plaintiffs' counsel contacted counsel for Defendant to inquire as to whether or not he had heard from Defendant regarding the proof of payment of real estate taxes that Plaintiffs' counsel had forwarded.

22. That on August 3, 2010 counsel for Defendant responded stating that the escrow balance was in the negative due to force placed insurance when the loan went into foreclosure in 2003-2004 (prior to this bankruptcy being filed). In addition, on March 5, 2009 his client made disbursements for insurance and the 2008 real estate taxes. He stated further that the account was then credited for the 2008 real estate taxes as Plaintiffs had paid these taxes. Counsel also included a payment history dating back to 2007.

23. That on September 5, 2010 Plaintiffs received a letter from ASC stating their mortgage payments were delinquent in the amount of $2,045.57.

24. That on September 19, 2010 Plaintiffs received a letter from ASC stating their mortgage payments were delinquent in the amount of $1,314.24.

25. That on October 24, 2010 Plaintiffs received a letter from ASC stating their mortgage payments were delinquent in the amount of $1,343.72.

26. That the Plaintiffs have made all post-petition payments to date and yet they continue to receive statements from ASC stating that they are delinquent with their mortgage payments.

27. That furthermore, Plaintiffs do not have an escrow account. Plaintiffs pay both the real estate taxes and the insurance.

WHEREFORE, Plaintiffs pray this Honorable Court to enter an Order for Declaratory Judgment against Defendant, America's Servicing Company, finding that upon completion of this Chapter 13 bankruptcy and entry of the Discharge Order the monthly mortgage payments were completely current with no outstanding late fees, attorney fees, etc., that the Plaintiffs were due and owing for their April 2009 monthly mortgage payment and for such other relief as the Court deems just and proper.

GARY & DAWN CORBIER,

By: /s/ William A. Mueller
William A. Mueller #06187732
James J. Haller #06226796
Rachel A. Hill #51818
Attorneys for Plaintiffs
5312 West Main Street
Belleville, IL 62226
(618) 236-7000

## NOTICE OF ELECTRONIC FILING AND
## CERTIFICATE OF SERVICE BY MAIL

| STATE OF ILLINOIS | ) | | Case No.: | 05-30720 |
| | ) | SS | Adv. No.: | 10- |
| CITY OF BELLEVILLE | ) | | Chapter | 13 |

Jennifer Schweiger, being duly sworn, deposes and says:

Deponent is not a party to the action, is over 18 years of age, and resides in St. Clair County, Illinois.

On November 18, 2010, Deponent electronically filed with the Clerk of the U. S. Bankruptcy Court the **Complaint for Declaratory Judgment**.

The Deponent served electronically the **Complaint for Declaratory Judgment and** to the following parties:

U.S. Trustee

U.S. Bankruptcy Court

Russell C. Simon

and served by **certified** mail to the following parties:

| America's Servicing Co., as servicer for HSBC Bank USA, as Trustee in Trust for Citigroup Mortgage Loan Trust, Inc., Asset Backed Pass Through Certificates Series 2003-HE-4<br>c/o Codilis and Associates<br>Bankruptcy Dept.<br>15W030 N. Frontage Rd., Ste. 100<br>Burr Ridge, IL 60527 | America's Servicing Co.<br>PO Box 10328<br>Des Moines, IA 50306 | America's Servicing Co.,<br>a division of Wells Fargo Home Mortgage, Inc.<br>1 Home Campus<br>MAC X2401-06T<br>Des Moines, IA 50328 |
| --- | --- | --- |
| America's Servicing Co.,<br>a division of Wells Fargo Home Mortgage, Inc.<br>c/o Illinois Corporation Service<br>801 Adlai Stevenson Dr.<br>Springfield, IL 62703 | Peter Wissinger<br>5778 Gallery Court<br>W. Des Moines, IA 50266 | |

by depositing a true copy of same, enclosed in a postage paid properly addressed wrapper, in a Belleville City Branch, official depository under the exclusive care and custody of the United States Postal Service, within the State of Illinois.

By: /s/ Jennifer Schweiger